**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRIAN GREGG, dba KALEO INVESTMENTS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, a corporation, <br><br> Defendant. | Case No: CIV-17-836-HE <br><br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW the Plaintiff, Brian Gregg, dba Kaleo Investments, L.L.C., and for his causes of action against Defendant, allege and state:

1.      Brian Gregg is a resident of Guthrie, Logan County, Oklahoma.  Brian Gregg is a citizen of the State of Oklahoma.

2.      Kaleo Investments, L.L.C., is an Oklahoma Limited Liability Company duly authorized to conduct business in the State of Oklahoma, with its principal place of business in Guthrie, Logan County, Oklahoma.  The sole member of Kaleo Investments, L.L.C., is Brian Gregg.

3.      Defendant, State Farm Fire and Casualty Company, is a foreign insurance company incorporated and domiciled in the State of Illinois and maintains its principal place of business in a state other than in Oklahoma.

4.      Venue is correct in the Western District and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties have diverse citizenship and the amount in controversy exceeds $75,000.00.

5.     At all times material hereto Plaintiff's property was insured under State Farm Fire and Casualty Company, Policy No. 96BHF0738.  The subject policy was in full force and effect at all times pertinent hereto.  Plaintiff purchased earthquake coverage from State Farm to further protect his property.

6.     Plaintiff property sustained earthquake damage on January 6, 2016.

7.     Plaintiff submitted a claim for earthquake damage to Defendant, made the premises available for inspection by Defendant's adjuster, cooperated in the limited investigation that Defendant performed and otherwise complied  with all conditions precedent to recovery under the subject insurance policy.

8.     State Farm breached the subject insurance contract by wrongfully denying Plaintiff's claims for loss or damage to his property caused by earthquake.

9.     State Farm breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

    a.    failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when State Farm knew that it was entitled to those benefits because the earthquake damage was obvious;

    b.    failing  to properly investigate  Plaintiff claim  by not attempting  to view and consider all apparent damage;

    c.    refusing to honor Plaintiff claims for reasons contrary to the express provisions of the policy that covers earthquake damage;

    d.    refusing to honor Plaintiff claims in some instances by applying restrictions not contained in the policy;

    e.    refusing to honor Plaintiff claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

2

f.      failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff claims;

g.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff claims once liability had become reasonably clear;

h.      failing to properly evaluate the limited investigation that was performed;

1.      refusing to consider the reasonable expectations of the insured that her home would be covered for earthquake damage;

j.      using the services of a purported expert who, upon information and belief, finds in a disproportionate number of claims for the insurance company;

k.      intentionally prolonging the claims handling process for an unreasonable amount of time of a year;

l.      forcing the insured to hire their own engineer as a requirement for Defendant to further consider coverage and claim benefits;

m.      refusing to consider expert opinion of insured's hired engineer;

n.      refusing to consider evidence of insured home's pre-loss condition in determining cause of loss, and denying this claim;

o.      refusing promises of coverage and prompt payment after an insured hired an engineer;

p.      refusing to take into consideration homes damaged by the same earthquake in the vicinity;

q.      ignoring Oklahoma Insurance Department instructives on the handling of earthquake claims;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendant, State Farm.

10.     Plaintiff detrimentally relied on Defendant's delayed investigation of this claim for an excessively long period of time, nearly 18 months after the date of loss. Plaintiff's claim was denied July 11, 2017. The Plaintiff filed an insurance claim for the earthquake damage to his property. In September of 2016, a "pre-approved" State Farm engineering firm determined that the cause of loss to the Plaintiff's home was a non-covered loss and not a result of the claimed January 2016 earthquake. Immediately after this information was relayed to the Plaintiff, he conference called with his State Farm agent and the State Farm adjuster to discuss any options to "dispute" or "appeal" State Farm's engineer's determination. It was at that time the State Farm adjuster informed Plaintiff that if the Plaintiff hired his own engineer that State Farm would pay for the expense of Plaintiff's engineer. Further, State Farm represent that if Plaintiff's engineer determined damage was caused by an earthquake, it would provide coverage and benefits to repair the Plaintiff's home. Relying on those representations Plaintiff requested that he was able to hire another State Farm engineering company, Knott Laboratories, LLC ("Knott"), that inspected a different earthquake claim at Plaintiff's other rental property. State Farm's adjuster said it would be willing to send out its other engineering company to write a report on the Plaintiff's behalf. During this call, the State Farm agent, State Farm adjuster and the Plaintiff agreed that they would take additional time on this claim to get another State Farm engineer inspection. In mid-October the Plaintiff still had not been contacted by Knott. To follow-up, the Plaintiff contacted engineering group Knott to inquire about when they would be coming out to inspect his rental property. At that time, State Farm pre-approved engineering group Knott assured the Plaintiff that it would

inspect as soon as it returned to Oklahoma City.  Plaintiff informed his State Farm agent and State Farm that he was waiting on their engineer to return to inspect the premises, and that he would update them as soon as Knott provided him with the report.  For months, the four parties exchanged calls and waited for Knott's inspection of his home. In mid-January, State Farm's engineering company, Knott, informed Plaintiff that it had changed its position, and it would not write an engineering report that could possibly dispute another State Farm engineering firm's opinions.  In fact, Knott refused to come out and inspect the property.   After forwarding this information to his State Farm adjuster, State Farm instructed Plaintiff that he must find and hire his own engineer. Plaintiff hired engineer Kelly Parker.  Mr. Parker inspected the premises and wrote a detailed report analyzing damage to the home and concluded that the damage was caused by the earthquake.  Plaintiff immediately provided the engineering report to State Farm. In response, State Farm refused to honor its promise to provide coverage in light of a new report showing earthquake damage, and instead, sent its original engineers out again to write a three-page "rebuttal" report, dated June 28th, 2017.  This short "rebuttal" report came to the same non-earthquake damage cause of loss conclusion.  Subsequently, State Farm denied coverage in a denial letter dated July 11th, 2017.  Plaintiff detrimentally relied on State Farm's adjuster's representations that it would provide benefits if another engineer was consulted.  In light of State Farm's denial and extensive delay in this claim handling, Plaintiff was forced to file this lawsuit.  As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff have suffered the loss of the policy benefits, loss of the coverage,

embarrassment, anxiety, frustration and mental and emotional distress, and other incidental damages.

11.     Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant, State Farm, in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

**MANSELL ENGEL & COLE**


By: s/M. Adam Engel
    Steven S. Mansell, OBA #10584
    Mark A. Engel, OBA #10796
    Kenneth G. Cole, OBA #11792
    M. Adam Engel, OBA #32384
    101 Park Avenue, Suite 665
    Oklahoma City, Oklahoma   73102-7201
    T: (405) 232-4100 **   F:  (405) 232-4140
    Firm Email:  mec@meclaw.net

**ATTORNEYS FOR PLAINTIFF**